UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER MARTINEZ,<br><br>   Plaintiff,<br><br>v.<br><br>KENNETH L. WEINSTEIN, *et al.*,<br><br>   Defendants. | Case: 1:14-cv-02164<br>Assigned To : Unassigned<br>Assign. Date : 12/22/2014<br>Description: Pro Se Gen. Civil |

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the plaintiff's application and dismiss the complaint in its entirety.

Generally, plaintiff challenges his conviction based on a guilty plea. *See* Compl. at 5 (Statement of Claim) (page number designated by the Court); *see also United States v. Martinez*, 497 F. App'x 72 (D.C. Cir. 2013) (per curiam) (affirming conviction and enhanced sentence of 235 months' incarceration). He claims that defendants violated the terms of the plea agreement and otherwise conspired to deprive him of rights protected by the United States Constitution. *See* Mem. of Law in Supp. of Pet'r's Mot. under § 1983, 1985, 1986 at 3. Plaintiff demands a declaratory judgment and general and punitive damages. Compl. at 5.

Relevant to this case is the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

> caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-47 (emphasis in original). It appears that the plaintiff's success on the claims presented in this action would render his conviction invalid, and absent a showing that his conviction already has been reversed, expunged, or called into question by the issuance of a writ of habeas corpus, he cannot recover monetary damages. *See Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996) (per curiam) (applying *Heck* rationale so that plaintiff "cannot recover damages for the actions of those who allegedly brought about his [criminal] convictions" where plaintiff was found guilty and verdicts had not been overturned); *see also In re Jones*, 652 F.3d 36 (D.C. Cir. 2011) (concluding that plaintiff whose complaint is dismissed under *Heck* "has failed to state a claim for purposes of [28 U.S.C. §] 1915(g)."). Furthermore, all the defendants in this action -- the presiding judge and the prosecutors -- are immune from suit for monetary damages in the circumstances of this case. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Imbler v. Pachtman*, 424 U.S. 409, (1976).

The Court will dismiss the complaint and this civil action for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately.

DATE: 12/19/14

_____
United States District Judge